**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

_____

Rosalynd Mason,

    Plaintiff,

                                                      Civ. No. 09-208 (RHK/FLN)
                                                      **MEMORANDUM OPINION
                                                      AND ORDER**

v.


White Castle System, Inc.,
a Foreign Corporation,

    Defendant.

_____

Mark L. Vavreck, Scrimshire, Martineau, Gonko & Vavreck, PLLC, Minneapolis, Minnesota, for Plaintiff.

Stephanie D. Sarantopoulos, Littler Mendelson, PC, Minneapolis, Minnesota, for Defendant.

_____

**INTRODUCTION**

      Plaintiff, Rosalynd Mason, claims that she was discriminated and retaliated against by her former employer, Defendant White Castle System, Inc. ("White Castle"), in violation of federal and state law. Currently pending before the Court is White Castle's Motion to Dismiss. For the reasons set forth below, the Court will grant the Motion.

**BACKGROUND**

      "Sometime prior to November 2002," Mason began her employment at a White Castle restaurant located in Minneapolis, Minnesota. (Compl. ¶ 6.) Soon after being

hired, Mason claims she became the victim of verbal harassment.  (Id. ¶ 8.)  Specifically, Mason claims that other female employees made sexual advances toward her.  (Id. ¶¶ 9-12.)  When Mason "complained about" this behavior, the sexual harassment did not cease.  (Id. ¶ 12.)  Upon making further complaint, Mason's work schedule was changed in such a way that she was no longer able to attend her desired religious services.  (Id. ¶ 13.)  The Complaint is unclear as to who received the complaints of sexual harassment, as Mason did not report the harassing behavior to her supervisor (id. ¶ 14); it is similarly unclear as to when Mason ended her employment with White Castle.

After Mason's employment with White Castle ended, she filed a Charge of Discrimination (the "Charge") with the Minnesota Department of Human Rights.  (Id. ¶ 3.)  The Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  (Id.)  On June 23, 2008, Mason informed the Minnesota Department of Human Rights of her desire to pursue a private civil action, and soon thereafter, on August 28, 2008, requested the withdrawal of the Charge.  (Sarantopoulos Aff. Exs. A & B.)  In making the withdrawal, Mason acknowledged that her state law claims must be filed within 90 days of giving notice of her intent to pursue a private civil action.  (Id. Ex. B.)[1]  On September 3, 2008, the Minnesota Department of Human Rights terminated its proceedings relating to Mason's Charge.  (Id. Ex. C.)  On September 25, 2008, the EEOC issued a Notice of Right to Sue, informing Mason of her right to pursue her federal

---

[1] Mason was represented by counsel in giving notice of her intent to file a private civil action and in withdrawing her Charge.  (Sarantopoulos Aff. Exs. A, B.)

claims in a private civil action. (Id. Ex. D.) This notice stated that Mason must file her complaint within 90 days of receipt of the Notice of Right to Sue. (Id.)

On January 30, 2009, Mason filed the instant action. She claims gender discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Minnesota Human Rights Act, Minn. Stat. § 363A *et seq.*, ("MHRA"). White Castle now moves to dismiss for Mason's failure to file the present action within the mandatory 90-day filing periods for both her federal and state claims.

## ANALYSIS

**I.  Title VII Claims**

**A.  Standard of review**

At the outset, the Court addresses the appropriate standard of review for Mason's Title VII claims. White Castle classifies the present Motion as a "Motion to Dismiss," but presents the Court with evidence outside the pleadings in order to establish Mason's non-compliance with the 90-day filing period. Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As the Court will consider matters outside the pleadings, the Motion will be treated as a motion for summary judgment for the purposes of the Title VII claims.[2]

---

[2] Mason is on constructive notice that the present Motion will be treated as a motion for summary judgment, and therefore, no further opportunity to present evidence is required. Angel

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex, 477 U.S. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).[3]

---

v. Williams, 12 F.3d 786, 788 (8th Cir. 1993). In fact, Mason acknowledged in her opposing memorandum that "the Court may, in its discretion, convert the motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56 and consider matters that are outside the pleadings." (Mem. in Opp'n at 4.) Moreover, Mason does not dispute the relevant facts that are outside the pleadings, stating that "it is undisputed that [her] claims were initiated well beyond the 90-day period mandated by federal and state law." (Id. at 2.) There also has been no request by Mason's counsel for discovery.

[3] For a Title VII claim, the requirement of filing suit within the 90-day period following the receipt of a Notice of Right to Sue is not a jurisdictional mandate. Hill v. John Chezik Imps., 869 F.2d 1122, 1123-24 (8th Cir. 1989). Therefore, a Rule 12(b)(1) motion for lack of subject-matter jurisdiction is not proper.

**B.     Failure to file suit within the limitations period**

Title VII establishes a mandatory "administrative procedure which a complaining employee must follow before filing a lawsuit in federal court." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citation omitted). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. Once an individual receives notice of the right to sue, she has 90 days in which to file suit." Id. (citing 42 U.S.C. § 2000e-5).

Mason admits that her "claims were initiated well beyond the 90-day period." (Mem. in Opp'n at 2.) However, she argues that White Castle's "conduct lulled [her] into inaction," and therefore, the 90-day period should be equitably tolled. (Id.) The Court does not agree.

The Supreme Court has acknowledged that the doctrine of equitable tolling can apply when a plaintiff fails to file suit during the 90-day period after the issuance of a Notice of Right to Sue. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150-52 (1984). In Baldwin, the Court noted that equitable tolling may be appropriate when notice to the plaintiff is inadequate, when a motion to appoint counsel is pending, when the court has led the plaintiff to believe statutory requirements to be satisfied, or when the defendant's affirmative misconduct lulls the plaintiff into inaction. Id. at 151. However, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Id. In fact, "[c]ourts have generally reserved the remedy of equitable tolling

for circumstances which were truly beyond the control of the plaintiff." <u>Hill v. John Chezik Imps.</u>, 869 F.2d 1122, 1124 (8th Cir. 1989) (citing <u>Baldwin</u>, 466 U.S. at 151).

According to Mason's counsel, in October 2007, Mason "spoke with Jill Klauson of the Office of the Minnesota Attorney General," and "Ms. Klauson conveyed . . . that the Vice President of White Castle stated to Ms. Klauson that he would dig up everything in Ms. Mason's past 'to destroy her.'" (Mem. in Opp'n at 5.) Mason's counsel claims that this incident "frightened [Mason] to the point of inaction." (<u>Id.</u>) No affidavit or other evidence, other than counsel's assertion in his memorandum in opposition to the instant Motion, has been provided to the Court.

The Court finds Mason's allegation to be insufficient to establish entitlement to equitable tolling for two reasons. First, Mason cannot defeat summary judgment with her attorney's unsupported factual allegations contained in the opposing memorandum. On summary judgment, the nonmoving party must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 256; <u>Krenik</u>, 47 F.3d at 957. The statement of Mason's attorney, conveying what Mason allegedly told him, is not evidence. Thus, Mason has not presented the Court with any evidence establishing the alleged statement made by Ms. Klauson.

Second, overlooking the inadmissible nature of the allegation itself, the statement that White Castle will "dig everything up" in Mason's past does not make the filing of a complaint "truly beyond [her] control." <u>Hill</u>, 869 F.2d at 1124. Mason "retained full control over when [her] . . . claim would be filed." <u>Lown v. Brimeyer</u>, 956 F.2d 780, 782 (8th Cir. 1992). In fact, nearly ten months after the alleged statement was conveyed,

Mason considered filing a claim, informed the Minnesota Department of Human Rights that she was going to file a claim, and then chose not to do so within the required time limits. This sequence of events does not support her assertion that White Castle lulled her into inaction, because the record establishes that she indeed took action after the alleged statement was made. Additionally, at the time Mason chose to withdraw her Charge in order to pursue a private civil action, she was represented by the same counsel representing her in the present Motion. Presumably, Mason had access to the guidance of her attorney throughout the running of the 90-day limitations period. Accordingly, Mason is not entitled to equitable tolling as a matter of law and her Title VII claims must be dismissed.

## II.   The Court declines to exercise supplemental jurisdiction over Mason's MHRA claims

Having concluded that White Castle's Motion to Dismiss must be granted vis-à-vis Mason's Title VII claims, the Court's original jurisdiction has been extinguished. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may, *sua sponte*, decline to exercise supplemental jurisdiction over a pendent state-law claim if it has dismissed all claims over which it has original jurisdiction. Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). When all federal claims are eliminated before trial, the balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over a pendent state-law claim typically militates against exercising jurisdiction. Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Based on Section 1367(c)(3) and Johnson, the Court declines to exercise supplemental jurisdiction over Mason's MHRA

claims.[4]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that White Castle's Motion to Dismiss (Doc. No. 7) is **GRANTED**. Mason's Title VII claims are **DISMISSED WITH PREJUDICE** and Mason's MHRA claims are **DISMISSED WITHOUT PREJUDICE**.[5]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 22, 2009

                                           s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge

---

[4] While the Court will not address Mason's state-law claims, it notes that the failure to file an action within the 90-day limitations period mandated by the MHRA deprives the state courts of subject-matter jurisdiction. Sullivan v. Spot Weld, Inc., 560 N.W.2d 712, 716 (Minn. Ct. App. 1997). Because Mason does not dispute that she did not file suit within this 90-day period, it appears the Minnesota district courts will lack subject-matter jurisdiction over her claims.

[5] See 28 U.S.C. § 1367(d).